# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL RUBBELKE and ANNA RUBBELKE, | Case No. 23-CV-0707 (PJS/ECW) |
| Plaintiffs, | |
| v. | **ORDER** |
| SANDY ZAREMBINSKI, MAXIMILLIA UTLEY, CATRINA BLAIR, and CARISSA ORR, | |
| Defendants. | |

Michael Rubbelke and Anna Rubbelke, *pro se*.

This matter comes before the Court on two filings by plaintiffs Michael Rubbelke and Anna Rubbelke: (1) their Complaint, ECF No. 1, and (2) their Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2 ("IFP Application"). For the following reasons, the Court dismisses this action without prejudice and denies the IFP Application as moot.

## I. BACKGROUND

The Court received the Complaint and IFP Application on March 22, 2023. *See* Docket. The Complaint names four defendants. *See* Compl. 1. It identifies Sandy Zarembinski as a "guardian ad litem" affiliated with Hennepin County, Maximillia

Utley as a Hennepin County judge, and Catrina Blair and Carissa Orr as "social worker[s]" associated with Hennepin County. *Id.* at 1–2.

The Complaint is terse and difficult to follow. As the Court understands it, plaintiffs are involved in several Minnesota state-court matters.[1] One of these cases, No. 62-FA-19-676, apparently began in April 2019 as a custody dispute between plaintiffs' son and the mother of his two children. *See* Order Following Review Hr'g 1–2, *Rubbelke v. Lund*, No. 62-FA-19-0676 (Minn. Dist. Ct. Aug. 13, 2019). In October 2019, plaintiffs started a new proceeding in Ramsey County District Court seeking temporary custody of the children themselves. *See, e.g.*, Order Granting Ex Parte Mot. for Emergency Relief 1, *In re Rubbelke*, No. 62-FA-19-1977 (Minn. Dist. Ct. Oct. 3, 2019). A Ramsey County court consolidated the two actions in December 2019. *See* Order Consolidating Files, *Rubbelke v. Lund*, No. 62-FA-19-1977 (Minn. Dist. Ct. Dec. 12, 2019).

This consolidated matter appears to be ongoing. *See generally* Register of Actions, *Rubbelke v. Lund*, No. 62-FA-19-0676 (Minn. Dist. Ct.). Indeed, in early 2023, the children's mother moved for "immediate temporary custody" of the two children. *See* Order 1, *Rubbelke v. Lund*, No. 62-FA-19-0676 (Minn. Dist. Ct. Feb. 8, 2023). The basis for the request is unclear, but a Ramsey County court noted "an open Children in Need of Protection or Services case" in Hennepin County Court. *Id*. That matter's number

---

[1] The Court cites various materials that are not cited in the Complaint. As these materials consist of public state-court records, however, the Court can take judicial notice of them. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005).

2

appears to be No. 62-JV-22-2031, but the Court cannot view records in that case—likely because of the Minnesota courts' limitations on online document retrieval.

Turning to the Complaint's allegations: Plaintiffs allege that "Judge Utley [is] holding Mrs. Rubbelke accountable for actions that Mr. Rubbelke is accused of doing"—suggesting that this is inappropriate. *See* Compl. 4. (This presumably relates to the Hennepin County case noted above.) Plaintiffs also allege that defendants are violating a harassment restraining order that a Ramsey County court entered in yet another case, No. 62-HR-CV-20-149. The Court is also unable to locate this matter—again, limitations on public access to matters involving juveniles may well be a factor. Plaintiffs also claim that defendants are "violating Mrs. Rubbelke's custody" of her granddaughters. Compl. 4.

For relief, as relevant here, plaintiffs apparently ask this Court to order Judge Utley to "release Mrs. Rubbelke from everything," to order defendants to "return granddaughters to [Mrs. Rubbelke's] care & custody," and to hold defendants "accountable for violating" orders entered by the Ramsey County courts. *See id.*

II. ANALYSIS

As the Court understands it, plaintiffs' Complaint asks this Court to interfere in one or more cases that are now pending in Minnesota state courts. Such a request raises

the question of whether this Court's jurisdiction is affected by the so-called "*Younger* doctrine."[2]

Grounded in *Younger v. Harris*, 401 U.S. 37 (1971), the *Younger* doctrine "'counsels federal-court abstention when there is a pending state proceeding' of a certain type." *Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 610 (8th Cir. 2018) (quoting *Moore v. Sims*, 442 U.S. 415, 423 (1979)).  The Eighth Circuit applies a three-part inquiry to determine if *Younger* abstention is warranted:

> Three lines of inquiry for determining whether *Younger* abstention is appropriate emerge from these decisions.  First, does the underlying state proceeding fall within one of the three "exceptional circumstances" where *Younger* abstention is appropriate?  Second, if the underlying proceeding fits within a *Younger* category, does the state proceeding satisfy what are known as the "*Middlesex*" factors?  And third, even if the underlying state proceeding satisfies the first two inquiries, is abstention nevertheless inappropriate because an exception to abstention applies?

*Minn. Living Assistance, Inc. v. Peterson*, 899 F.3d 548, 551–52 (8th Cir. 2018) (citations omitted).

Turning to the first question, the state-court proceedings here fall within the "exceptional circumstances" that make *Younger* abstention appropriate.  The "exceptional circumstances" include "(1) a criminal prosecution, (2) a civil enforcement

---

[2] A court's jurisdiction is a threshold question in any case.  *See, e.g., Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93–102 (1998)).

4

proceeding that is akin to a criminal prosecution, or (3) a proceeding implicating a state's interest in enforcing the orders and judgments of its courts." *Id.* at 552. Numerous federal courts (including courts in this District) have specifically determined that state family-court proceedings present the sort of "exceptional circumstances" that give rise to *Younger* abstention. *See, e.g.*, *Shafizadeh v. Bowles*, 476 F. App'x 71, 73 (6th Cir. 2012) (applying *Younger* where the federal suit "would grossly interfere with the state divorce case"); *Goodwin v. Batallion*, No. 8:23-CV-0014, 2023 WL 2413783, at *4 (D. Neb. Mar. 8, 2023); *Mierisch v. St. Louis Cnty.*, No. 4:22-CV-01249 (SPM), 2022 WL 17403155, at *2 (E.D. Mo. Dec. 1, 2022); *Evens v. Gusinsky*, No. 5:22-CV-5054-CBK, 2022 WL 2981649, at *3 (D.S.D. July 28, 2022), *aff'd*, No. 22-2970, 2022 WL 19078143 (8th Cir. Nov. 1, 2022); *Smith v. Hennepin Cnty. Fam. Ct.*, No. 19-CV-3100 (DSD/BRT), 2020 WL 1930555, at *2–3 (D. Minn. Mar. 24, 2020), *report and recommendation adopted*, 2020 WL 1923219 (D. Minn. Apr. 21, 2020); *Kedrowski v. Madden*, No. 18-CV-2573 (WMW/SER), 2019 WL 4016168, at *2 (D. Minn. Aug. 26, 2019).

To assess whether a state-court proceeding satisfies the *Middlesex* factors, a court "ask[s] whether the state proceeding (1) is judicial in nature, (2) implicates important state interests, and (3) provides an adequate opportunity to raise constitutional challenges." *Minn. Living Assistance*, 899 F.3d at 553. Family-court proceedings plainly meet this test: They are judicial in nature, states have an important interest in family-

law matters, and nothing prevents plaintiffs here from raising any constitutional challenges they might have in Minnesota's courts.

Finally, no exception to *Younger* abstention applies here. Nothing in the Complaint suggests that "the pending state action was brought in bad faith or for the purpose of [harassment]" or that any other "extraordinary circumstances" exist. *Trainor v. Hernandez*, 431 U.S. 434, 446–47 (1977); *see also, e.g., Juidice v. Vail*, 430 U.S. 327, 338 (1977) (noting exception where "state proceeding is motivated by a desire to harass or is conducted in bad faith" (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975))).

For these reasons, the Court concludes that *Younger* abstention applies here and that this action must therefore be dismissed without prejudice. Given this decision, the Court will also deny plaintiffs' IFP Application as moot.

## ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. This action is **DISMISSED** without prejudice for lack of jurisdiction.

2. The Application to Proceed in District Court Without Prepaying Fees or Costs of Plaintiffs Michael Rubbelke and Anna Rubbelke, ECF No. 2, is **DENIED** as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 26, 2023                         s/Patrick J. Schiltz_____
                                              Patrick J. Schiltz, Chief Judge
                                              United States District Court